VAN BUREN v. VAN BUREN.

(Supreme Court, Appellate Division, Third Department.   September 9, 1902.)

1. DIVORCE—CUSTODY OF CHILD—EDUCATION.

A decree in divorce gave the custody of a five year old child to the mother, who resided in New York City, except during the summer vacation season and Christmas holidays, when the father, without the city, was to have the custody. A modification of the decree required the boy to stay with his mother one half the year, and with his father, at the home of the child's paternal grandfather, without the city, the other half. *Held*, on appeal from the order modifying the decree, that while it appeared that the paternal grandfather's home would be most advantageous to the child, the decree, as modified, would so interfere with the child's schooling as to warrant reversal.

Appeal from special term.

Suit by Mai Leroy Van Buren against George L. Van Buren. From an order modifying a decree in plaintiff's favor, concerning the custody of her child, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Emanuel M. Friend and Michael Schaap, for appellant.
Conover & Fisher (A. R. Conover, of counsel), for respondent.

PER CURIAM. It is to be regretted that we cannot, upon this appeal, award the custody of this child to his paternal grandfather, but as we must either reverse or affirm the order from which this appeal is taken, we are confined to a choice between the decree as originally entered, and as it stands in its modified form. That neither of its parents is a proper person to care for and bring up a son is very apparent, and while the record before us presents no criticism upon the character of its mother's parents, nor upon their love for the child, and willingness to afford it all the advantages and proper instruction within their power, yet it is clear that its father's father has more abundant means and better surroundings with which to educate and rear it to manhood. The decree, as originally made, gave the custody of the child to the mother, "except during the summer vacation season" and "except during the Christmas holiday vacation" the father was allowed to have the custody thereof.

This practically operated to place the child, who was a boy about five years of age, with the mother's parents in the city of New York during that portion of the year when the schools were in session, and placed him with his paternal grandfather during his vacations. The decree, as modified, requires the boy to stay with the mother one half of the year, and to remain with the father, at the home of his father, the other half. Such a division of the year disregards entirely the child's opportunities for schooling. He is now approaching an age when a systematic and regular attendance at school is most important, and it cannot be had if the year is to be divided between New York City and Montgomery county, as the order appealed from requires. We think that in this respect the modification of the decree is a serious disadvantage to the interests of the child. The additional three months that it is thereby allowed to spend with its grandfather in Montgomery county does not overcome this disadvantage. No particular improvement in the condition of the boy is to be expected from such an arrangement.

We think the order should be reversed, with $10 costs and disbursements.

Order reversed, with $10 costs and disbursements, and motion denied.